IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDALIA BENTON,<br><br>    Plaintiff,<br><br>v.<br><br>REAL ESTATE FINANCIAL SERVICES, INC., ET AL.,<br><br>    Defendant.<br>_____/ | No. C 15-03500 JSW<br><br>**ORDER (1) DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; (2) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND (3) DISMISSING COMPLAINT** |

Now before the Court is the application for a temporary restraining order ("TRO") and application to proceed *in forma pauperis* filed by plaintiff Sedalia Benton ("Plaintiff"), who is proceeding pro se. Having carefully reviewed Plaintiff's papers and considered her arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Plaintiff's application for a TRO, DENIES her application to proceed *in forma pauperis* and DISMISSES the action with leave to amend.

A district court may deny in forma pauperis status and sua sponte dismiss an action under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff has failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief the pleader seeks."

Plaintiff alleges that she purchased the property located at 5804 E. 16th Street in Oakland, California (the "Property") and obtained a mortgage loan for the purchase on June 30, 2006. (Mot. at 3.) She further alleges that the mortgage loan was modified on September 3, 2009 and that a notice of default was filed on November 25, 2009. (*Id*.) Plaintiff does not allege whether a notice of trustee's sale has been scheduled. Nor it is clear whether Plaintiff defaulted on the modified loan and/or whether she applied for another loan modification after September 3, 2009. If she did apply for another loan modification, she does not allege when she did so. Plaintiff does not allege what the alleged misconduct is by the defendants or what claim or claims she seeks to bring. In the absence of such allegations, Plaintiff fails to state a claim.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action, she must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim with federal jurisdiction by **August 28, 2015.** Plaintiff may file a renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to file timely an amended complaint shall result in dismissal of this action without prejudice.

The Court FURTHER ORDERS that Plaintiff's application for a TRO is DENIED. In order to obtain a temporary restraining order or preliminary injunctive relief, Plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). On an ex parte motion for a TRO, the moving plaintiff must allege "specific facts in an affidavit or a verified complaint clearly show[ing]

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Proc. 65(b)(1)(A).

Following *Winter*, courts in the Ninth Circuit may apply a sliding scale test when there is a lesser showing of likelihood of success that amount to "serious questions on the merits" and the balance of hardships tips strongly in the plaintiff's favor, as long as the plaintiff satisfies the other two prongs under *Winter* by showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Because the Court finds that Plaintiff fails to allege a valid claim over which this Court has jurisdiction, the Court DENIES the application for a TRO.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that she also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the San Francisco Courthouse, Room 2796, or on the 4tth Floor of the Oakland Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: July 30, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case 4:15-cv-03500-JSW   Document 5   Filed 07/30/15   Page 4 of 4