UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDALIA BENTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL ESTATE FINANCIAL SERVICES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03500-JSW<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Docket Nos. 11-12 |

　　　　On July 29, 2015, Plaintiff, Sedalia Benton ("Ms. Benton") filed her Complaint, an application to proceed *in forma pauperis*, and a motion for a temporary restraining order. On July 30, 2015, the Court issued an Order denying her application to proceed *in forma pauperis*, denied her motion for a temporary restraining order, and dismissed her Complaint with leave to amend.

　　　　On October 1, 2015, pursuant to the Court's Order, Ms. Benton filed a First Amended Complaint ("FAC"), and on October 13, 2015, she filed a renewed application to proceed *in forma pauperis* and a motion for a preliminary injunction.

　　　　In her FAC, Ms. Benton alleges that she obtained a mortgage loan of $636,000.00 from Defendant Real Estate Financial Services, Inc. on June 30, 2006, "in order to purchase the rental property of 5804 E. 16th Street, in Oakland, California" (the "Property"). (FAC ¶ 7.) She further alleges that Defendant, Indymac Federal Bank, recorded a modification on September 3, 2009 and that a notice of default was filed on November 25, 2009. (*Id.* ¶ 10.) She further alleges that on December 21, 2009, an assignment was recorded assigning Onewest as the trustee and/or servicer. (*Id.*) Finally, in her motion for an emergency injunction, she suggests that an entity named Seterus is not a holder in due course and cannot perform any service relating to "the instrument." It is not

clear whether the instrument refers to the Promissory Note or the Deed of Trust.

Once again, Ms. Benton has not alleged whether a notice of trustee's sale has been scheduled. Nor is it clear whether Ms. Benton applied for another loan modification after September 3, 2009. If she did apply for another loan modification, she does not allege when she did so. Although Ms. Benton identifies three causes of action, "violation of assignment requirements," "disqualified trustee," and "violation of holder in due course," the Court still cannot discern the nature of Defendant's alleged misconduct.

Ms. Benton has also attached two letters to her FAC which refer to dual tracking, but there are insufficient allegations in the FAC from which the Court could reasonably infer dual tracking has occurred. Accordingly, Plaintiff has not stated a viable claim for relief, and the Court DENIES her renewed application to proceed *in forma pauperis.*

The Court DISMISSES the FAC, and it shall provide Ms. Benton with one final opportunity to amend her complaint to cure the deficiencies identified in this Order. If Ms. Benton wishes to pursue this action, she must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim with federal jurisdiction by November 13, 2015. Plaintiff may file a renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to file timely an amended complaint shall result in dismissal of this action with prejudice.

The Court FURTHER ORDERS that Ms. Benton's motion for an emergency injunction, which the Court construes as a motion for a temporary restraining order, is DENIED. In order to obtain a temporary restraining order or preliminary injunctive relief, Plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each

party of the granting or withholding of the requested relief.'"  *Id.* at 24 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

Following *Winter*, courts in the Ninth Circuit may apply a sliding scale test when there is a lesser showing of likelihood of success that amount to "serious questions on the merits" and the balance of hardships tips strongly in the plaintiff's favor, as long as the plaintiff satisfies the other two prongs under *Winter* by showing that there is a likelihood of irreparable injury and that the injunction is in the public interest.  *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  Because the Court finds that Ms. Benton fails to allege a valid claim, the Court DENIES the motion for a preliminary injunction.  That ruling is without prejudice to renewing her motion if, and when, she files an amended complaint.

The Court again advises Ms. Benton that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.  The Court also advises Ms. Benton that she also may wish to seek assistance from the Legal Help Center.  Ms. Benton may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the San Francisco Courthouse, Room 2796, or on the 4tth Floor of the Oakland Courthouse, Room 470S, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: October 14, 2015

JEFFREY S. WHITE
United States District Judge

3